# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

JONATHAN SLAIKEU,

           Plaintiff,

      v.

GLEN ANDERSON *et al.,*

          Defendants.

Case No. 3:22-cv-00196-JMK

## SCREENING ORDER

On September 7, 2022, Jonathan Slaikeu, a self-represented prisoner ("Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, a financial statement, and an Application to Waive Prepayment of the Filing Fee.[1] Plaintiff subsequently filed a civil cover sheet, a Motion Requesting Transfer to Another Institution, a Motion Requesting Three Legal Boxes, and a Motion to Appoint Counsel.[2] The Court now screens Plaintiff's filings in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

---

[1] Dockets 1–3.

[2] Dockets 4–7.

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.[3]

To determine whether a complaint states a valid claim for which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[4]  In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[7]

---

[3] 28 U.S.C. § 1915A.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] See *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[6] See *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[7] See *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

# DISCUSSION

## I. <u>Complaint</u>

Plaintiff brings suit against employees of the Spring Creek Correctional Center ("Defendants") alleging personal injury, negligence, "failure to provide safe confinement," and retaliation. Plaintiff alleges that on multiple occasions, he was served raw and moldy food which led to food poisoning, diarrhea, and vomiting. Plaintiff further alleges he reported the food safety violations, but the DOC failed to provide "serve-safe training" and failed to "ensure proper safe controlled food service."[8] Plaintiff also claims he is being retaliated against for filing a PREA grievance and for requesting an administrative transfer to another facility.[9]

## II. <u>Failure to State a Claim</u>

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Factual allegations must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] While a complaint need not,

---

[8] Docket 1 at 5–6.

[9] Docket 4 at 1–2.

[10] *Ashcroft*, 556 U.S. at 678.

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson et al.*
Screening Order
Page 3 of 17

and should not, contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[11]

### III. <u>Civil Rights Claims Under 42 U.S.C. § 1983 ("Section 1983")</u>

To state a claim for relief under Section § 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[12] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[13] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[14] Section 1983 does not confer federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[15] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[16]

---

[11] *Id.*

[12] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[13] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[14] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[15] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[16] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

Case 3:22-cv-00196-JMK   Document 12   Filed 02/16/23   Page 4 of 17

## A. Defendant must be acting under color of state law

Defendants are employed by the Alaska Department of Corrections. Therefore, Plaintiff has adequately alleged that Defendants were acting under color of state law. The Court notes Plaintiff also names four "John Joe" defendants. A plaintiff may name "John" or "Jane" Doe defendants. However, it is imperative that specific actions be attributed to each John or Jane Doe defendant in order to identify their liability. Should any amended complaint pass screening, Plaintiff is advised that John Doe or Jane Doe defendants cannot be served until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.[17]

## B. Violation of federal rights

Although Plaintiff brings allegations of personal injury and negligence, construing Plaintiff's complaint liberally, he appears to be claiming he was not provided with appropriate meals and was given inadequate medical care when he became ill. Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."[18] However, a showing of negligence is insufficient to establish a constitutional deprivation under the Eighth

---

[17] See *Booth v. Campbell,* 2022 WL 1486756, at *5 (E.D. Cal. May 10, 2022).

[18] See *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Wright v. Rushen*, 642 F.2d 1129, 1132–33 (9th Cir. 1981).

Amendment."[19]  As explained below, claims of personal injury and negligence are more appropriately brought in state court unless the federal court can establish supplemental jurisdiction over the claims.  The federal court can hear claims regarding conditions of confinement, including inadequate medical care under the Eighth Amendment.  However, the "Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."[20]  The fact that "the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."[21]

Plaintiff also brings allegations of retaliation, but as pled, has not provided sufficient facts to support his claim.  The Court now provides the following guidance to assist Plaintiff in correcting these deficiencies in the event Plaintiff elects to file an amended complaint.

  i.  Inadequate medical care under the Eighth Amendment

The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and the failure to meet that obligation can

---

[19] *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks & citation omitted).

[20] *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *see also Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1259–60 (9th Cir. 2016) (concluding that county's nutrition policy for pregnant prisoners did not violate the Eighth Amendment); *Foster v. Runnels*, 554 F.3d 807, 812–13, 813 n.2 (9th Cir. 2009); *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

[21] *LeMaire*, 12 F.3d at 1456 (citation and internal quotation marks omitted); *see also Foster*, 554 F.3d at 813 n.2.

Case 3:22-cv-00196-JMK   Document 12   Filed 02/16/23   Page 6 of 17

constitute an Eighth Amendment violation redressable under § 1983.[22]  In order to state a claim under the Eighth Amendment for violations involving medical care, a prisoner must show that (1) the plaintiff has a serious medical need; (2) the defendant was deliberately indifferent to that medical need; and (3) the act or failure to act of the defendant caused harm to the plaintiff.[23]

A serious medical need is an objective standard and may be found if "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[24]  Indicators of a serious medical need include:  "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."[25]  In addition to establishing a serious medical need, a plaintiff also must prove that the defendant was deliberately indifferent to that medical need.[26]  Deliberate indifference is present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk

---

[22] *Estelle v. Gamble,* 429 U.S. 97, 103–05 (1976).

[23] *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

[24] *Peralta v. Dillard,* 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and further internal quotation marks omitted).

[25] *Colwell v. Bannister*, 763 F.3d at 1066 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

[26] *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

Case 3:22-cv-00196-JMK   Document 12   Filed 02/16/23   Page 7 of 17

of serious harm exists, and he must also draw the inference."[27]   "Deliberate indifference is a high legal standard.  Generally, a difference of medical opinion or as to two alternative courses of medically acceptable treatment is insufficient to establish deliberate indifference.[28]   Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.[29]

A plaintiff must also plead facts that, if proven, would demonstrate that the act or failure to act of the defendant caused harm to the plaintiff.  As pled, Plaintiff has not provided sufficient plausible factual details to establish that he has a serious medical need, that Defendant was deliberately indifferent to that need, and that Defendant's deliberate indifference caused harm to Plaintiff.  Therefore, his allegations are insufficient to support a claim of inadequate medical care under the Eighth Amendment.

## ii.   Retaliation under the First Amendment

The First Amendment protects freedom of speech, the press, assembly, and the right to petition the government for a redress of grievances.[30]   However, a prisoner's First Amendment rights are "more limited in scope than the constitutional

---

[27] *Farmer,* 511 U.S. at 834; *see also Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir. 2002).

[28] *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.), *cert. denied*, 519 U.S. 1029 (1996) (citing *Estelle*, 429 U.S. at 107–08).

[29] *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

[30] U.S. Const. Amend. I.

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson et al.*
Screening Order
Page 8 of 17

rights held by individuals in society at large."[31]  Prisoners have a First Amendment Right to file prison grievances without retaliation.[32]  To prevail on a claim founded on retaliation under the First Amendment, a plaintiff must show that:  (1) he engaged in a protected conduct; (2) a state actor took some adverse action against him; (3) the protected conduct was a "substantial" or "motivating" factor behind the adverse action; (4) the adverse action would chill a person of ordinary firmness from future exercise of First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal.[33]

Retaliatory motivation is not established simply by showing an adverse action by the defendant *after* protected speech.  Instead, the plaintiff must show a nexus between the two.[34]  Therefore, although the timing of an official's action can constitute circumstantial evidence of retaliation—if, for example, an adverse action was taken shortly after the official learned about an inmate's exercise of protected conduct—there generally must be something more than mere timing to support an inference of retaliatory intent.[35]  The causal nexus requirement of a retaliation claim is a "but-for" causation test.  If the adverse action would have been taken even

---

[31] *Shaw v. Murphy,* 532 U.S. 223, 229, (2001).

[32] *Id*. at 1269.

[33] *Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

[34] *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'").

[35] *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995).

without the inmate's exercise of protected conduct, the plaintiff cannot satisfy the causation element of the retaliation claim.[36]  To establish a retaliatory motive, a prisoner "must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct."[37]  Any amended complaint should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him.

### C. State claims

Plaintiff's allegations regarding personal injury and negligence are considered tort claims, which are grounded in state law and most typically addressed in Alaska state court.  While Section 1983 does not apply to a plaintiff's state law claims, if a plaintiff can successfully plead a Section 1983 claim, a federal district court may exercise supplemental jurisdiction over related state law claims.[38]  As discussed above, Plaintiff's Complaint does not state a viable constitutional claim under 42 U.S.C. § 1983.  If Plaintiff can successfully plead a

---

[36] *Hartman v. Moore*, 547 U.S. 250, 260 (2006).

[37] *Brodheim v. Cry*, 584 F.3d 1262, 1271 (internal quotations and citations omitted).

[38] Under 28 U.S.C. § 1367, a federal district court may hear state law claims by exercising supplemental jurisdiction, in cases where federal question jurisdiction already exists and there are state law claims that derive from a common nucleus of operative facts.  However, a federal district court may also decline to exercise jurisdiction over state law claims, if (1) the state law claim raises a novel or complex issue of state law, (2) the state law claim substantially predominates over the federal law claims, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).

constitutional violation under federal law, he also may be able to plead accompanying state tort claims, over which this Court may then exercise jurisdiction. The statute of limitations for personal injury tort claims in Alaska is two years.[39]

## IV. Motions

Plaintiff requests court-appointed counsel because he has been unable to find an attorney to represent him, is financially unable to retain counsel, and is limited due to his reported mental illness.[40] Plaintiff also requests an order permitting him to have three legal boxes that will be transferred with him.[41]

### A. Motion for legal boxes

Plaintiff requests an order from the Court allowing him to keep three legal boxes in his cell. He further seeks an Order requiring the three legal boxes and one personal box be transferred with him, so he does not lose his files.[42] As an initial matter, the Court does not generally have jurisdiction to order prison officials to allow Plaintiff to possess his legal material in his cell.[43] Additionally, authorized deprivations of property are permissible if carried out pursuant to a regulation that

---

[39] Alaska Stat. § 09.10.070.

[40] Docket 7.

[41] Docket 5.

[42] Docket 5.

[43] *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, (1982).

is reasonably related to a legitimate penological interest.[44]  Undoubtedly, prisoners retain a fundamental interest to access the courts under the First Amendment.[45]  To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury.[46]  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[47]

While Plaintiff alleges "they" are retaliating against him by taking his "property without seizure reports,"[48] his motion for an order regarding his legal materials does not describe any instances where legal materials were lost or withheld, that prison authorities otherwise impeded his access to them, or that he lost opportunity to present a legal claim.[49]  Notably, his concerns seem to be the potential for future loss his files.[50]  To the extent Plaintiff requires his legal materials to litigate active habeas corpus, criminal appeals, or civil rights actions, he should avail himself of the procedures established by the prison to obtain his personal and

---

[44] *Turner v. Safley*, 482 U.S. 78, 89 (1987).

[45] *Lewis v. Casey,* 518 U.S. 343, 346 (1996).

[46] *Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996.

[47] *Lewis,* at 348 (citation and internal quotation marks omitted).

[48] Docket 4 at 2.

[49] Docket 5.

[50] Docket 5 at 2.

Case 3:22-cv-00196-JMK   Document 12   Filed 02/16/23   Page 12 of 17

legal materials.[51]  To the extent Plaintiff seeks relief related to confiscated legal materials, he must identify which legal materials were taken, who took them, when they were taken, the reason given for the confiscation, and the reason Plaintiff needs the legal materials.

Accordingly, Plaintiff's Motion at Docket 5 is DENIED WITHOUT PREJUDICE.

## B.    Motion to appoint counsel

Although a defendant in a criminal case has a right to assistance of counsel under the Sixth Amendment of the United States Constitution, generally a person has no federal right to an appointed attorney in a civil action.[52]  In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants.[53]  To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."[54]  A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal

---

[51] *Cruz v. Savoie,* 2021 WL 3021365, at *1 (E.D. Cal. July 16, 2021).

[52] See *Turner v. Rogers*, 564 U.S. 431, 441, 131 S. Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[53] *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

[54] *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

issues involved and an inadequate ability to articulate the factual basis of his claims.[55]

The Court has carefully reviewed Plaintiff's concerns. At this stage of the litigation, this Court cannot evaluate Plaintiff's likelihood of success on the merits. Although section 1915(e)(1) permits the Court to request a volunteer attorney, this Court has no current list of volunteer attorneys from which it may request counsel. Most importantly, Plaintiff has demonstrated that he is able to articulate his claims *pro se* despite the complexity of the legal issues involved, such that this case is not an "exceptional" one that necessitates the assistance of counsel.

For the foregoing reasons, plaintiff's Motion for Appointed Counsel at Docket 7 is DENIED. However, in the interest of fundamental fairness, the Court denies this motion without prejudice. This means if any amended complaint does pass screening, Plaintiff is not prevented from filing a new request for counsel after Defendants are properly served and have filed an Answer or other response.

## CONCLUSION

Plaintiff has failed to plead sufficient plausible facts to meet the requirements of Rule 8 of Federal Civil Procedure or a civil rights action under 42 U.S.C. § 1983. The Court grants Plaintiff the opportunity to file an amended complaint in accordance with the guidance provided above.

---

[55] *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

**IT IS THEREFORE ORDERED:**

1.  The Complaints at Docket 1 is DISMISSED for failing to state a claim upon which relief may be granted. The Court grants leave to amend.

2.  The Prisoner's Application to Waive Prepayment of the Filing Fee at Docket 2 is **GRANTED**. Federal law requires that a prisoner may only waive prepayment of the fees associated with civil lawsuits.[56] The Court cautions Plaintiff that should he proceed with this suit and sufficiently plead a claim, the Court will issue a separate order on the collection of the filing fee and Plaintiff would be obligated to pay the filing fee incrementally until the $402.00 filing fee is paid in full.

3.  Plaintiff's Motion at Docket 5 is DENIED WITHOUT PREJUDICE.

4.  Plaintiff's Motion at Docket 7 is DENIED WITHOUT PREJUDICE.

5.  Plaintiff is accorded **30 days** to file one of the following:

    a.  <u>Amended Complaint</u>, in which Plaintiff restates his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaints in its entirety.[57] Plaintiff need not supply legal research, only the facts that he alleges in support of an amended complaint. Plaintiff must include

---

[56] 28 U.S.C. § 1915(a).

[57] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson et al.*
Screening Order
Page 15 of 17

Case 3:22-cv-00196-JMK   Document 12   Filed 02/16/23   Page 15 of 17

all of the claims he seeks to bring in an amended complaint. Any claims not included in the amended complaint will be considered waived. Any exhibits attached to the amended complaint should be submitted without alteration by Plaintiff; OR

b.   <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

6.   If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form by **March 17, 2023,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. This dismissal would count as a "strike" against Plaintiff under § 1915(g).[58] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

7.   At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of

---

[58] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case 3:22-cv-00196-JMK   Document 12   Filed 02/16/23   Page 16 of 17

this case under Rule 41(b) of the Federal Rules of Civil Procedure without further notice to Plaintiff.

8.      Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant mails a document to the Court, the Court will mail to the litigant a Notice of Electronic Filing ("NEF") that will indicate when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page, In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

9.      The Clerk of Court is directed to send Plaintiff the following forms with this order: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 16th day of February, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE