# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHAN SLAIKEU, | |
| Plaintiff, | Case No. 3:22-cv-00196-JMK |
| v. | |
| GLEN ANDERSON, *et al.*, | |
| Defendants | |

## NOTICE OF INTENT TO DISMISS

On September 7, 2022, Jonathan Slaikeu, a self-represented prisoner ("Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act ("Complaint").[1] The Court screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A and found it deficient.[2] The Court dismissed the Complaint, but granted leave to amend.[3] Plaintiff filed a First Amendment Complaint ("FAC"),[4] a Motion to Add Defendants[5], a Declaration[6], a Motion for Judgment on the Pleadings[7], another Declaration[8], a Second Amended Complaint ("SAC")[9], and a Notice of Admitting Documents.[10] The Court now screens Plaintiff's SAC

---

[1] Docket 1.

[2] Docket 12.

[3] Docket 12 at 15.

[4] Docket 13.

[5] Docket 14.

[6] Docket 15.

[7] Docket 16.

[8] Docket 17.

[9] Docket 20.

[10] Docket 23.

in accordance with 28 U.S.C. §§ 1915(e) and 1915A and addresses Plaintiff's additional filings. However, in screening, the Court will not consider any allegations or factual statements contained in any filing outside of the SAC, as this is not a proper way to amend a complaint.[11]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[12] In this screening, a court shall dismiss the case at any time if the court determines that the action:

>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or
>
>  (iii) seeks monetary relief against a defendant who is immune from such relief.[13]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[14] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

---

[11] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1.

[12] 28 U.S.C. §§ 1915, 1915A.

[13] 28 U.S.C. § 1915(e)(2)(B).

[14] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (*citing Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson, et al.*
Notice of Intent to Dismiss
Page 2 of 10

Case 3:22-cv-00196-JMK   Document 25   Filed 09/20/23   Page 2 of 10

**DISCUSSION**

In the SAC, Plaintiff alleges he was fed raw and moldy food from August 3–7, 2022. Plaintiff claims he suffered from food poisoning and was denied adequate medical care. He also believes he was retaliated against for filing grievances reporting these instances. For relief, Plaintiff seeks damages in the amount of $4,250,000.00, punitive damages in the amount of $750,000.00, an order requiring Defendants to "serve safe materials and nutritious meals," and an order requiring Defendants to "take a serve safe class and a class on proper nutritional meals."[16]

Upon the Court's review, the SAC fails to state a claim upon which relief can be granted and must be dismissed. In the previous Screening Order, the Court provided guidance on the requirements to state a claim for relief under Section 1983, specifically including information regarding claims inadequate medical care under the Eighth Amendment and claims of retaliation under the First Amendment.[17] A copy of the Screening Order is enclosed for Plaintiff's reference.

The fact that "the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."[18] Courts have approved of food blended, baked, and served in a nutraloaf; serving food with foreign objects in it; moldy raisins and rancid peanut butter; fish not intended for human

---

[16] Docket 20 at 14.

[17] Docket 12.

[18] *LeMaire*, 12 F.3d at 1456 (citation and internal quotation marks omitted); *see also Foster*, 554 F.3d at 813 n.2.

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson, et al.*
Notice of Intent to Dismiss
Page 3 of 10

Case 3:22-cv-00196-JMK   Document 25   Filed 09/20/23   Page 3 of 10

consumption; spoiled meat and milk; and even maggots.[19] If a prisoner regularly and frequently suffers from food poisoning with truly serious medical complications as a result of particular, known unsanitary practices which are customarily followed by the prison food service organization, and the authorities without arguable justification refuse to attempt remedial measures; or if a prisoner was served food with the intent to cause harm, the requisite deliberate indifference might be manifested or inferred.[20]

Here, however, Plaintiff's most serious complaints include occasional diarrhea and vomiting during an isolated period from August 3–11, 2022.[21] While on suicide watch, Plaintiff was restricted to a "Clinical Precautionary Diet" free from any potential hazards and able to be eaten without utensils.[22] Although, a "nurse observed a sack lunch sitting on his floor with an opened raw egg sitting on a wrapper,"[23] Plaintiff has not pled facts to support his claim that he was fed "nothing but raw food" between August 3–8, 2022.[24] Further, after Plaintiff was seen by a registered nurse for "nausea and vomiting" on August 8, 2022, he was given Pepto Bismol and "advised to follow a liquid diet for 4–5 days until ready for a regular sack lunch."[25] This isolated instance of food poisoning allegedly lasting about one week, absent any significant medical complications, long-term

---

[19] *Lyons v. Peters,* No. 3:17-CV-00730-SI, 2019 WL 3291529, at *8 (D. Or. July 22, 2019) (collecting cases).

[20] *Lyons v. Peters*, at *7 (citing *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988).

[21] Docket 13-1 at 13.

[22] Docket 13-1 at 10.

[23] Docket 13-1 at 5.

[24] Docket 13-1 at 11.

[25] Dockets 13 at 12; 13-1 at 5.

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson, et al.*
Notice of Intent to Dismiss
Page 4 of 10

Case 3:22-cv-00196-JMK   Document 25   Filed 09/20/23   Page 4 of 10

consequences, or serious adverse health impacts, is insufficient to establish a constitutional violation. Therefore, Plaintiff has failed to state a claim under the Eighth Amendment.

Further, Plaintiff's claim that he was retaliated against for filing grievances are unsustainable when the "adverse action" alleged is the denial of the grievance.[26] Plaintiff has not pled facts that he was prevented from filing grievances or appeals, nor allegations of expressed or implied threats for pursing the grievance process. The Court rejects the theory that denial of a grievance or appeal, in and of itself, is an adverse action that would chill a person of ordinary firmness from filing future grievances or appeals.[27] Therefore, Plaintiff has failed to state a claim for retaliation under the First Amendment.

In conclusion, Plaintiff has failed to plead sufficient plausible facts to maintain a civil rights action under Section 1983. The Court finds amendment would be futile, so the Court will not grant leave to amend. When a federal district court dismisses a prisoner's action at screening, a prisoner plaintiff must be given a strike.[28] After three strikes, a prisoner plaintiff may no longer bring suits in federal courts without prepayment of the

---

[26] Docket 13 at 9.

[27] *Cf. Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo* propter hoc, literally, 'after this, therefore because of this.'") (citations omitted). *See also Gunn v. Olmstead*, 2021 WL 3048359, at *3 (E.D. Cal. 2021) ("To the extent plaintiff may be attempting to allege that his grievances were denied in retaliation for filing the grievances in the first place, the denial of a grievance does not constitute an adverse action that is more than *de minimis* and is not sufficient to deter a prisoner of "ordinary firmness" from further First Amendment activities.") *(citing Watison v. Carter,* 668 F.3d 1108, 1114 (9th Cir. 2012)); *Burciaga v. California Dep't of Corr. & Rehab.*, 2019 WL 8634165, at *8 (C.D. Cal. 2019) ("Plaintiff was not forced to abandon his First Amendment right; rather, he pursued it individually . . . [and] does not explain how [Defendants'] instruction[s] to file his administrative grievance [differently]" resulted in the loss of a potential claim for relief.).

[28] 28 U.S.C. § 1915(g).

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson, et al.*
Notice of Intent to Dismiss
Page 5 of 10

filing fee unless the prisoner can demonstrate an "imminent danger of serious physical injury."[29]  Therefore, in the interests of justice, the Court will provide Plaintiff with **30 days from the date of this order** to voluntarily withdraw this case to avoid receiving a strike.[30]

## Motion to Add Defendants

Plaintiff filed a motion to add the Alaska Department of Corrections ("DOC") as a defendant in this case.[31]  As an initial matter, a plaintiff cannot simply add on new claims or defendants by motion or declaration.[32]  More importantly, a defendant in a civil rights lawsuit must be a "person."  The State of Alaska and state agencies, such as DOC, are not considered "persons" under 42 U.S.C. § 1983.[33]  Plaintiff cannot pursue Section 1983 claims against DOC.  Therefore, Plaintiff's Motion at Docket 14 is **DENIED.**

## Motion for Judgment on the Pleadings

Plaintiff filed a motion requesting judgment in his favor because Defendants "did not wish to contest the claim and have defaulted by not filing an answer in the required 40-day[34] time limit."[35]  Actions filed by filed by self-represented prisoners are exempted

---

[29] *Id.*

[30] This dismissal would count as a "strike" against Plaintiff, whereas a voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

[31] Docket 14 at 1.

[32] If there is an operative complaint in the case, Plaintiff must file a motion and attach the proposed amended complaint that includes all the claims the plaintiff seeks to allege. *See* Local Civil Rule 15.1.

[33] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[34] The Court is unclear how Plaintiff determined this deadline.  Plaintiff is advised the time limits for filing answers, responses, oppositions, and replies are established by statute, rule, or Court order.

[35] Docket 16 at 1.

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson, et al.*
Notice of Intent to Dismiss
Page 6 of 10

Case 3:22-cv-00196-JMK   Document 25   Filed 09/20/23   Page 6 of 10

the standard pretrial procedures.[36] As stated above, the Court is required to screen complaints in civil actions in which prisoners seek relief from governmental entities, officers or employees.[37] Should a complaint proceed beyond the screening stage, the Court will order service and issue an order setting a schedule for discovery and dispositive motions. A defendant is not required to respond to a complaint unless and until properly served.[38] Since no complaint has been ordered served and no defendants have yet appeared in this action, a default judgment is not appropriate at this time.[39] Therefore, Plaintiff's Motion at Docket 16 is **DENIED.**

## Notice of Admitting Documents

Plaintiff also filed a notice to admit evidence supplementing his SAC.[40] "Notices" to the Court are not the proper way to request relief from the Court and will not be considered.[41] If Plaintiff's intent was to amend his Complaint, this fails under Rule 15 of Federal Civil Procedure.[42] If Plaintiff's intent was to submit these documents as evidence,

---

[36] Local Civil Rule 16.1(a).

[37] 28 U.S.C. § 1915A(a).

[38] *See* Rule 4 of the Federal Rules of Civil Procedure. *See also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.").

[39] *See* Fed. R. Civ. P. 55.

[40] Docket 23.

[41] Notices of Appearance made by an attorney do not request relief from the Court, but only provides notice and critical information to the Court and the Clerk of Court as to the representation of parties appearing before the Court.

[42] Rule 15(a) of the Federal Rules of Civil Procedure and Local Civil Rule 15.1 govern the process for amending pleadings. In this Court, an amended complaint replaces the prior complaint in its entirety. In order to amend a complaint, a plaintiff must submit a new complaint with all the claims the plaintiff seeks to allege.

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson, et al.*
Notice of Intent to Dismiss
Page 7 of 10

Case 3:22-cv-00196-JMK   Document 25   Filed 09/20/23   Page 7 of 10

this is also improper and premature. In federal cases, evidence is provided to the Court either through dispositive motions or at trial in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.[43]

## CAUTION TO PLAINTIFF

While the Court may act with leniency towards a self-represented litigant, Plaintiff is not excused from the rules that govern court proceedings.[44] The Court is aware of Plaintiff's pending cases, miscellaneous filings in his cases, and repeated phone calls to the Clerk's office. Plaintiff is advised that the Court acts to resolve all pending cases in the most efficient manner possible.

A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities; and a part of the Court's responsibility is "to see that [its] resources are allocated in a way that promotes the interests of justice."[45] Accordingly, the Court cannot issue orders and rulings purely on the best timeline for a litigant. Until a Screening Order has been issued, the Court discourages the filing of any motions or additional documents with the Court. The Court cautions that filing unnecessary motions or other documents or attempts to serve other parties without guidance from the Court, may result in the summary denial of motions, orders prohibiting such filings, or delay in

---

[43] *See* Fed. R. Civ. P. 56 (Summary Judgment); *see generally* Fed. R. Civ. P. 38–53; *see also* Fed. R. Evid.

[44] Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, the Alaska Rules of Professional Conduct and all Court orders.

[45] *In re McDonald,* 489 U.S. 180, 184 (1989) (per curiam). *See also O'Loughlin v. Doe,* 920 F.2d 614, 618 (9th Cir. 1990) ("[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson, et al.*
Notice of Intent to Dismiss
Page 8 of 10

Case 3:22-cv-00196-JMK   Document 25   Filed 09/20/23   Page 8 of 10

the litigation.  Similarly, repetitive calls to the Court will not expedite Plaintiff's case and unnecessarily expends the Court's limited resources.

Finally, foul or abusive language will not be well-taken or tolerated.  The Court is well within its power to impose sanctions for rules violations, including fines, costs, and attorney's fees awards.[46]  Beyond these rules-based options, federal district courts possess inherent powers to manage their own affairs in order to achieve orderly dispositions.[47]  This includes fashioning sanctions for conduct that abuses the judicial process or is in bad faith.[48]  The Court <u>strongly cautions</u> Plaintiff to reconsider his decorum choices and how he addresses the Court.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Second Amended Complaint is DISMISSED for failure to state a claim upon which relief can be granted.  The Court finds amendment would be futile.

2. Plaintiff has **30 days** to voluntarily dismiss this action in order to avoid receiving a strike as required by 28 U.S.C. §1915(g).[49]

3. All pending motions are **DENIED.**

4. If Plaintiff does not respond, the Court will dismiss the action per the required screening of 28 U.S.C. §§ 1915(e) and 1915A for the above stated reasoning and issue a strike against Plaintiff per 28 U.S.C. §1915(g) without further notice to Plaintiff.

---

[46] Fed. R. Civ. P. 11; Local Civil Rule 11.2.

[47] *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021).

[48] *Id*.

[49] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, maliciousness, or failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson, et al.*
Notice of Intent to Dismiss
Page 9 of 10

Case 3:22-cv-00196-JMK   Document 25   Filed 09/20/23   Page 9 of 10

5. The Clerk of Court is directed to send a Notice of Voluntary Dismissal (form PS09) and a copy of the Court's prior Screening Order at Docket 12 with this order.

DATED this 20th day of September, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00196-JMK, *Slaikeu v. Anderson, et al.*
Notice of Intent to Dismiss
Page 10 of 10

Case 3:22-cv-00196-JMK   Document 25   Filed 09/20/23   Page 10 of 10